UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS DEWANE BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF FRESNO, *et al*,<br><br>   Defendant. | No. 1:22-CV-00216-JLT-SAB<br><br>ORDER HOLDING PENDING MOTIONS TO DISMISS IN ABEYANCE PENDING THE SUPREME COURT'S RULING IN *GRANTS PASS, OR V. JOHNSON* |

  The Court has preliminarily evaluated the pending motions to dismiss (Docs. 16, 31) and the parties' input regarding whether the recent grant of certiorari in *Grants Pass, OR v. Johnson*, No. 23-175, 2024 WL 133820 (U.S. Jan 12, 2024), warrants the Court holding any aspects of the pending motions in abeyance (Doc. 46). Plaintiff requests that the Court hold the motions in abeyance, pointing out that the Fifth, Seventh, Eighth, Fourteenth, and/or Fifteenth causes of action rely at least in part on *Martin v. City of Boise*, 920 F. 3d 584 (9th Cir. 2019), the underlying decision extended by the district and appellate courts in *Grants Pass*. (Doc. 46 at 2.) Defendants disagree, arguing that *Grants Pass* "is only applicable in this case if the Court finds that Plaintiff's Complaint adequately pleads a Violation of Eighth Amendment Rights under *Martin*." (*Id*. at 6–7.)

  To the extent the standard set forth in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), applies when a Court is considering holding a ripe motion in abeyance, *see, e.g.*, *Carson*

*v. Kanazawa*, No. CV 14-00544 LEK-KSC, 2017 WL 11139921, at *1 (D. Haw. Aug. 25, 2017) (applying *Landis* to abeyance analysis), the Court has examined the *Landis* standard in light of the circumstances of this case. Under *Landis*, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, given that the Supreme Court is likely to rule in *Grants Pass* within six months, formally holding the pending motions in abeyance for that period is unlikely to cause any substantial delay to this litigation. Furthermore, awaiting the Supreme Court's ruling has the potential to substantially narrow the scope of the litigation, possibly saving substantial judicial and party resources. While Defendants are correct that the Court *could* proceed to examine whether the complaint sufficiently alleges claims under *Martin*, the Supreme Court's ruling in *Grants Pass* may render that exercise entirely or partially unnecessary. Therefore, the Court will hold the pending motions to dismiss (Docs. 16, 31) in abeyance until *Grants Pass* is resolved.

**CONCLUSION AND ORDER**

The Court will hold the pending motion to dismiss in abeyance until the Supreme Court resolves *Grants Pass*. Within 30 days of the date of the ruling, the parties are instructed to file a joint statement indicating their respective positions on how this litigation should proceed, including, as appropriate, whether additional briefing is needed.

IT IS SO ORDERED.

Dated:  __**February 14, 2024**__                              _____
UNITED STATES DISTRICT JUDGE